J-S80002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT FOWLER | : | |
| | : | |
| Appellant | : | No. 838 EDA 2017 |

Appeal from the PCRA Order January 31, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1301987-2006

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 23, 2018**

Robert Fowler appeals *pro se* from the order dismissing his second PCRA petition as untimely.  We affirm.

On April 21, 2008, Appellant was convicted of murder, abuse of corpse and possession of instrument of crime.  In affirming the order denying Appellant's first PCRA petition, we summarized the facts and procedural posture as follows:

> On August 19, 2006, Appellant was in the basement of his girlfriend's house using cocaine with John Thistlewood. Appellant struck Thistlewood over the head with a weight bar numerous times, killing him.  Appellant left the body of the deceased in the basement for several days, but took Thistlewood's gold chain, which he exchanged for cocaine.  On August 23, 2006, Appellant showed the body to his brother, who left the home and contacted the police.  When police arrived, Appellant had dismembered the body and placed the body parts in four trash bags and a duffel bag, all of which were recovered from the basement.  The police also seized the weight bar, several knives, and other implements from the basement.

Appellant proceeded to a nonjury trial that commenced on April 15, 2008. On April 21, 2008, the trial court found him guilty of possessing instruments of crime, murder of the first degree, and abuse of a corpse. That same day, the court sentenced him to an aggregate term of life imprisonment.

. . . On June 25, 2010, we affirmed the judgment of sentence. **Commonwealth v. Fowler**, 1475 EDA 2008 (Pa.Super. June 25, 2010). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 29, 2010.

**Commonwealth v. Fowler**, 82 A.3d 1077 (Pa.Super. 2013) (unpublished memorandum at 1).

Appellant filed a timely PCRA petition on May 9, 2011. Appointed counsel filed an amended petition that asserted trial counsel's ineffectiveness for failing to (1) present expert opinion testimony to bolster his defense of diminished capacity, and (2) assert that the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), by withholding the discovery of a knife that the alleged victim wielded during the incident. The PCRA court denied relief. We addressed the merits of both issues and affirmed the order denying relief. Our Supreme Court denied allowance of appeal.

On November 4, 2016, Appellant filed the instant PCRA petition. Three weeks later, the trial court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing due to the fact that the petition was time-barred and Appellant did not invoke an exception. After

reviewing Appellant's response, the PCRA court dismissed the petition. This timely appeal followed.[1]

Appellant presents four issues for our review:

1) Dose[sic] these arguments meet the requirements of Newly Discovered Evidence and any of the requirements set forth in 42 Pa.C.S. § 9545(b) (1),(i),(ii),(iii),(2),(3),(4)?

2) Was counsel for the defendant ineffective for failure to argue that his client is entitled to relief under the provisions of 18 Pa.C.S. § 2506 which punishes the giving of a controlled substance to another person that results in a death?

3) Was counsel for the defendant ineffective for failure to argue that the Commonwealth is required to prove beyond doubt, intent to kill?

4) Was counsel for the defendant ineffective for failure to . . . retain expert and present experts during trial to establish he was incapable of forming the specific intent to kill?

Appellant's brief at 4.

We review a PCRA court order to ascertain whether the PCRA court's determination is supported by the certified record and is free of legal error. Our Supreme Court has stated, "[a]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are

_____

[1] The PCRA court entered its initial order on January 4, 2017; however, it neglected to provide Appellant notice. On January 31, 2017, within the thirty-day-period that the PCRA court retained jurisdiction over its prior order, the court vacated the previous order and entered a new order denying relief as of that date. Appellant's timely appeal was entered on the docket one week later.

free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id***.

All PCRA petitions must be filed within one year of the date a defendant's judgment of sentence becomes final, unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014). (citation omitted). We review that legal conclusion *de novo*. ***Id***. Appellant's sentence became final on March 29, 2011, ninety days after our Supreme Court denied his petition for allowance of appeal and when the period to file a petition for writ of *certiorari* with the United States Supreme Court expired. Thus, the instant petition, filed on November 4, 2016, is timely only if one of the statutory exceptions applies.

Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that could not have been ascertained by the exercise of due diligence; and (3) a newly-recognized constitutional right that has been held to apply retroactively. 42 Pa.C.S. § 9545 (b)(1)(i)-(iii). Any exception must

be raised within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).

As noted by the foregoing statement of questions presented, Appellant does not invoke any of the statutory exceptions specifically. Instead, he argues unconvincingly that the instant ineffective assistance of counsel claims satisfy the requirements of the newly-discovered-facts exception under 42 Pa.C.S. § 9545 (b)(1)(ii). Appellant's precise assertion of a previously unknown fact is difficult to pin down, but the crux of his contention appears to be that he did not discover trial counsel's various forms of ineffectiveness, which we discuss, *infra*, until he was advised of the missteps by a prison paralegal. Appellant's brief at 7. His attempts to circumvent the time bar fail.

The newly-discovered-fact exception to the PCRA time bar requires a PCRA petitioner to establish (1) the facts upon which his claim is based were unknown at the time of trial and (2) could not have been ascertained with the exercise of due diligence. ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007). Instantly, Appellant failed to satisfy either prong of the exception. First, in relation to the final two issues listed in the statement of questions presented, which concern his mental impairment and the victim's alleged conduct, those claims were litigated in Appellant's first PCRA petition. Thus, by necessity, they cannot form the basis of the previously unknown fact exception.

Appellant's remaining claim is more daring than convincing. Relying upon a distorted interpretation of 18 Pa.C.S. § 2506(a), the criminal offense for a drug delivery that results in death,[2] Appellant asserts that counsel was ineffective for failing to invoke that offense as a defense to the homicide charge leveled against him. The essence of this ambitious argument is that the victim precipitated his own death by delivering copious amounts of cocaine to Appellant's home and then joining Appellant in a seven-day drug binge. Appellant's brief at 9. Appellant reasons that the victim's act of supplying the cocaine absolved Appellant of criminal culpability for the homicide, and, therefore, counsel provided ineffective assistance in neglecting to invoke the offense outlined in § 2506(a) as a defense to murder. No relief is due.

This claim fails for at least two reasons. First, absent counsel's complete abandonment, an allegation of ineffectiveness cannot be invoked as a newly-discovered fact for purposes of § 9545(b)(1)(ii). **Bennett**, **supra** at 1273 ("we hold that the analysis set forth in **Gamboa–Taylor**, [753 A.2d 780, 785 (Pa. 2000)] and subsequent case law does not apply to situations when counsel abandons his client for purposes of appeal.").

---

[2] The offense provides that "A person commits a felony of the first degree if the person intentionally administers, dispenses, delivers, gives, prescribes, sells or distributes any controlled substance or counterfeit controlled substance in violation of section 13(a)(14) or (30) of the act of . . . The Controlled Substance, Drug, Device and Cosmetic Act, and another person dies as a result of using the substance. 18 Pa.C.S. § 2506 (a).

Instantly, Appellant challenges counsel's stewardship during the trial rather than assert a specific allegation of counsel's abandonment. Thus, Appellant's allegation that he recently discovered this convoluted argument regarding § 2506(a) does not allow him to circumvent the time bar. *Id*.

Moreover, assuming *arguendo*, that trial counsel's alleged misstep is tantamount to utter abandonment, which it clearly is not, Appellant still cannot establish that the relevant "facts" relating to (1) the victim's drug use (2) § 2506; or (3) trial counsel's decision to forego the novel defense proposed herein, were previously unknown. Appellant was present with the victim during the seven-day cocaine binge that preceded the murder. Hence, that fact was known. Likewise, § 2506(a), the drug offense that Appellant relies upon to fashion his bizarre defense, was a matter of public record when Appellant was charged, tried, and convicted for murder. In addition, Appellant participated in all aspects of the litigation and was aware of the defenses that counsel presented. Accordingly, like the other "facts" Appellant seeks to call upon for support of his claimed exception, counsel's trial strategy was not previously unknown.

Finally, to the extent that Appellant contends that he could not have understood the significance of trial counsel's strategic decisions during trial, we observe that Appellant failed to demonstrate why he could not have exercised due diligence to ascertain that "fact" before his consult with a prison paralegal. Tellingly, Appellant neglected to state when he discovered

the purportedly unknown facts, nor did he proffer any support for the bare assertion that he filed the instant petition within sixty days of that undisclosed date, as required by § 9545(b)(2). Since Appellant cannot satisfy either of the two components that form the newly-discovered-fact exception outlined in § 9545(b)(1)(ii), we do not disturb the PCRA court's decision that it lacked jurisdiction over the petition.

Having found that Appellant's second PCRA petition was untimely filed and that no exceptions to the statutory time bar apply, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/18